IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

SHERYLE W. HALL, )
 )
    Petitioner, )
 )
v. ) CIVIL ACTION NO. 09-0031-CB-N
 )
MICHAEL J. ASTRUE, Commissioner )
of Social Security, )
 )
    Respondent. )

REPORT AND RECOMMENDATION

    This matter is before the undersigned by referral from the district judge assigned to the case for entry of a Report and Recommendation, pursuant to 28 U.S.C. §636 and Local Rule 72.2. Following the court's order and entry of judgment in favor of the plaintiff, plaintiff's counsel filed a Motion for Award of Fees (doc. 25) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d). On January 25, 2010 the Commissioner filed a response in objection to the motion (doc. 27) in which the Commissioner maintains, in sum, that its position was substantially justified such that fees are not warranted. Upon consideration of the motion and the objection thereto, it is the Recommendation of the undersigned that the court grant the motion and award fees to the petitioner.

    The EAJA requires a court to

> award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of Agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make

1

an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The Commissioner has objected to the Motion on the sole grounds that the government's position was "substantially justified."  See Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991). Because the undersigned finds that the position of the Commissioner in this appeal was not substantially justified, it is recommended that petitioner's Motion for Fees be granted.

The Commissioner makes a particular point of the rule that courts must look beyond the issue on which claimant prevailed and look instead at the government's position on appeal as a whole.  *See e.g.* Roanoke River Basin Assen v. Hudson, 991 F.2d 132, 138 (4th Cir. 1993) (in deciding entitlement to EAJA fees, look at the Commissioner's position as a whole in the litigation).  The government reargues its prior positions on the merits of each of the issues on which the court found for petitioner.  As the court found against the government's position on almost every ground raised, the government's reliance on the rule that the court must look at its position as a whole does not alter the court's determination.

The court found that the ALJ failed to develop the record.  The Commissioner notes again that petitioner waived the right to counsel and asked her whether there was anything she wanted to say.  The rule that an ALJ must develop the record even where the claimant is actually represented by counsel–and certainly where the claimant proceeds pro se–is a fundamental duty; it is not a detail that the Commissioner could justifiably overlook.  And the failure to ask any questions of the claimant concerning her symptoms and disability goes to the very heart of that duty of fair play.  The government's argument that plaintiff's prior unsuccessful application meant that she was familiar with the process and thus the ALJ had no duty to develop the record

2

independently is unconvincing, particularly in the absence of authority for that position.

This failure to develop the record and to question the claimant was exacerbated by the ALJ's credibility determination concerning petitioner's subjective complaints of pain. The ALJ never heard petitioner's testimony concerning her complaints, never judged the credibility of her testimony on that point, and never explored all the elements of her subjective claims of pain or other conditions, yet made a credibility determination based on his view of the medical evidence alone.

The court also noted other errors in the ALJ's decision; however, the glaring omissions set forth above are adequate to demonstrate that the Commissioner's position in this litigation was not substantially justified. The Commissioner has objected on no other basis. Nonetheless, the court considers the reasonableness of the requested fees.

In Meyer v. Sullivan, 958 F.2d 1029 (11th Cir.1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, ... is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." ... The second step, which is needed only if the market rate is greater than $75 per hour, is to determine whether the court should adjust the hourly fee upward ... to take into account an increase in the cost of living, or a special factor.

Id. at 1033-34 (citations omitted & footnote omitted)[1]. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. NAACP v. City of Evergreen, 812 F.2d 1332, 1338 (11th Cir.1987). Satisfactory evidence at a

---

[1] Subsequent to Meyer, the cap was raised from $75.00 per hour to $125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A)(Supp.1997).

3

minimum is more than the affidavit of the attorney performing the work. Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984). Where the fees or time claimed seem expanded or there is lack of documentation or testimony in support, the court may make an award on its own experience. Norman v. City of Montgomery, 836 F.2d 1292, 1303 (11th Cir.1988). Where documentation is inadequate, the court is not relieved of its obligation to award a reasonable fee, but the court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing. Id.

In 2007, a formula was approved and used to adjust the prevailing market hourly rate to account for the ever-increasing cost of living. Lucy v. Barnhart, CA 06-0147-C (July 5, 2007). As set out in Lucy, the formula to be used in calculating all future awards of attorney's fees under the EAJA is: " '($125/hour) x (CPI-U Annual Average "All Items Index", South Urban, for month and year of temporal midpoint)/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.' " ( Id. at 11). The undersigned also adopts this formula in EAJA fee petition actions for use in arriving at the appropriate hourly rate. So calculated, the cap applicable to this action is $171.71 per hour, as calculated in plaintiff's EAJA motion. The court finds this figure to be appropriate and reasonable, and further finds that the 22.20 hours claimed by plaintiff's counsel is likewise reasonable.

Petitioner has executed a limited power of attorney, and has authorized counsel to accept the EAJA payment on her behalf. Accordingly, it is hereby RECOMMENDED that plaintiff's Motion for Fees be GRANTED, and that defendant be ordered to pay to plaintiff's counsel the sum of $3,811.96.

*See* Magistrate Judge's Explanation of Procedural Rights, attached, for important

information on how to proceed.

DONE this the 10th day of February, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**